1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KRISTIN HARDY,                          No.  2:24-cv-1798 DJC AC P

12                    Plaintiff,

13          v.                                ORDER

14    C. STOKES, et al.,

15                    Defendants.

16

17          Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983

18    without a lawyer.  Plaintiff has requested leave to proceed without paying the full filing fee for

19    this action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot

20    afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to

21    proceed in forma pauperis is granted.[1]

22    ////

23    ////

24

25    _____

      [1]  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that
      are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a).  As
26    part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust
      account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to the appropriate agency
27    requires monthly payments of twenty percent of the prior month's income to be taken from
      plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.
28    See 28 U.S.C. § 1915(b)(2).

                                        1

1    I.    Statutory Screening of Prisoner Complaints

2        The court is required to screen complaints brought by prisoners seeking relief against "a

3    governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  A

4    claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v.

5    Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on

6    an indisputably meritless legal theory or factual contentions that are baseless.  Id., 490 U.S. at

7    327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

8    arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989),

9    superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.

10    2000).

11        In order to avoid dismissal for failure to state a claim a complaint must contain more than

12    "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a

13    cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words,

14    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

15    statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

16    court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

17    plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

18    inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation

19    omitted).  When considering whether a complaint states a claim, the court must accept the

20    allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the

21    complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421

22    (1969) (citations omitted).

23    II.    Factual Allegations of the Complaint

24        Plaintiff alleges that defendants Stokes and John Doe violated his First and Fourteenth

25    Amendment rights when they withheld, rejected, and/or confiscated plaintiff's coursebooks

26    without a basis to do so and did so without providing plaintiff with a notice and chance to be

27    heard as required by regulations.  ECF No. 1.  Specifically, plaintiff alleges that while at High

28    Desert State Prison ("HDSP") he purchased coursebooks, which were sent to HDSP in shipments.

Id. at 2.  On March 10, 2023, he completed his lessons and was awaiting another shipment.  Id.  On March 13, 2023, plaintiff was transferred from HDSP to Donovan prison.  Id.  When he inquired about his coursebooks, he was told that they had been shipped to and arrived at HDSP on March 16, 2023.  Id.  Per regulations, HDSP's administrative segregation ("Ad-seg") officer, defendant Stokes, and R&R sergeant, John Doe, "are responsible for inmate property and for ensuring that property is accounted for and distributed to inmates."  Id.  Regulations require Stokes and John Doe to provide inmates with written notice and a chance to challenge a decision to reject, withhold, and/or confiscate books for any reason.  Id. at 2-3.  Stokes and John Doe did not provide plaintiff a notice of rejection and a chance to challenge the rejection, withholding, and/or confiscation.  Id. at 3.  By way of relief, plaintiff seeks monetary damages.

III.    Judicial Notice

As a preliminary matter, the court takes judicial notice of Hardy v. Silva, No. 3:24-cv-0899 JAH MSB (S.D. Cal.) ("Hardy I"), a § 1983 suit filed by plaintiff against an ad-seg officer and sergeant at Donavon Correctional Facility ("RJD").[2]  As here, plaintiff alleged defendants violated his First and Fourteenth Amendment rights when they deprived him of the shipment of books.  Hardy I, ECF No. 1.  Plaintiff sued defendants in Hardy I based on the rejection, withholding, and/or confiscation that occurred at RJD after the rejection, withholding, and/or confiscation at HDSP.  The court screened the original complaint and amended complaint, found plaintiff failed to state a claim for relief under the First and Fourteenth Amendments, and dismissed the case.  See Hardy I, 2024 WL 4774895, 2024 U.S. Dist. LEXIS 206422 (S.D. Cal. Nov. 13, 2024); Hardy I, 2025 WL 1167368, 2025 U.S. Dist. LEXIS 76691 (S.D. Cal. Apr. 22, 2025).

IV.    Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that, liberally construed, the complaint does not state a valid claim for relief pursuant to the First or

---

[2]  The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations omitted); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

Fourteenth Amendments against any defendant.

### A. Violation of Prison Regulation

To the extent plaintiff attempts to state a claim based on defendants' violation of prison regulations regarding mail distribution, forwarding, and/or notice and opportunity to be heard, he fails to state a § 1983 claim. Violation of a prison regulation is not a violation of a *federal* right.

### B. First Amendment

Plaintiff fails to state a First Amendment claim against any defendant because he alleges an isolated incident in which his coursebooks, for an unspecified course, were rejected, withheld, and/or confiscated and his allegations of "improper motive" are conclusory at best. For improper motive, plaintiff appears to allege "a history of censorship of books, illegal confiscation of property, and failure to provide notice when publications are rejected." These are the types of "naked assertions" and "labels and conclusions" that are insufficient to avoid dismissal. Without more factual allegations regarding the type of coursebooks rejected, withheld, and/or confiscated, the type of past censorship and/or illegal confiscation of books at HDSP, and the history of failure to provide notices of rejection at HDSP, the court cannot draw a reasonable inference that defendants had an improper motive for rejecting, withholding, and/or confiscating plaintiff's coursebooks. At most, plaintiff has alleged negligence by defendants in failing to follow prison regulations, which is insufficient for a § 1983 claim.

### C. Fourteenth Amendment – Property

Plaintiff also fails to state a Fourteenth Amendment claim against any defendant because he has not alleged that his coursebooks were rejected, withheld, and/or confiscated pursuant to established state procedures, regulations, or statutes. Instead, he alleges they were rejected, withheld, and/or confiscated *in violation* of prison regulations. Taking his allegations as true, he has alleged an *unauthorized* deprivation of his property. Because it was unauthorized, it does not matter whether it was intentional or negligent. What matters is whether there is an adequate post-deprivation remedy under California law. Because there is, plaintiff fails to state a § 1983 claim. Plaintiff's proper recourse for such a deprivation is in state, not federal court.

////

1    V.    Leave to Amend

2        Because of these defects, the court will not order the complaint to be served on

3    defendants.  Plaintiff may try to fix these problems by filing an amended complaint.  In deciding

4    whether to file an amended complaint, plaintiff is provided with the relevant legal standards

5    governing his potential claims for relief which are attached to this order.  See Attachment A.

6    VI.    Legal Standards Governing Amended Complaints

7        If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

8    about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,

9    423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named

10    defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

11    There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

12    connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

13    588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

14    participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

15    268 (9th Cir. 1982) (citations omitted).

16        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

17    his amended complaint complete.  Local Rule 220 requires that an amended complaint be

18    complete in itself without reference to any prior pleading.  This is because, as a general rule, an

19    amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

20    1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no

21    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

22    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

23    VII.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

24        Your complaint will not be served because the facts alleged are not enough to state a

25    claim.  You are being given a chance to fix these problems by filing an amended complaint.  If

26    you file an amended complaint, pay particular attention to the legal standards attached to this

27    order.  Be sure to provide facts that show exactly what each defendant did to violate your rights.

28    **Any claims and information not in the amended complaint will not be considered.**

VIII.    Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.   Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4.   Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

5.   Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: July 25, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

I.      Violation of State Regulations

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Accordingly, "the requirements for relief under [§] 1983 have been articulated as: (1) *a violation of rights protected by the Constitution or created by federal statute,* (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991) (emphasis added).

An officer's violation of state laws and/or regulations is not grounds for a § 1983 claim. See Case v. Kitsap County Sheriff's Dept., 249 F.3d 921, 930 (9th Cir. 2001) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir 1997) ("[T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that [the official] violated his constitutional right . . .")).  Violations of state law and regulations cannot be remedied under § 1983 unless they also violate a federal constitutional or statutory right.  See Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (section 1983 creates cause of action for violation of federal law); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996) (federal and state law claims should not be conflated; "[t]o the extent that the violation of a state law amounts the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress").

////

////

1

1    II.    First Amendment

2         Under the First Amendment, prisoners have a right to send and receive mail.  Witherow v.

3    Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, a prison may adopt regulations or

4    practices for inmate mail which limit a prisoner's First Amendment rights as long as the

5    regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482

6    U.S. 78, 89, (1987).  "When a prison regulation affects outgoing mail as opposed to incoming

7    mail, there must be a 'closer fit between the regulation and the purpose it serves.'" Witherow, 52

8    F.3d at 265 (quoting Thornburgh v. Abbott, 490 U.S. 401, 412 (1989)).  Courts have also

9    afforded greater protection to legal mail than non-legal mail.  See Thornburgh, 490 U.S. at 413.

10   Isolated incidents of mail interference or tampering will not support a claim under section 1983

11   for violation of plaintiff's constitutional rights.  See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir.

12   2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940,

13   944 (10th Cir. 1990); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing

14   that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First

15   Amendment rights).  Generally, such isolated incidents must be accompanied by evidence of an

16   improper motive on the part of prison officials or result in interference with an inmate's right of

17   access to the courts or counsel in order to rise to the level of a constitutional violation.  See Smith,

18   899 F.2d at 944.

19   III.    Fourteenth Amendment – Due Process – Property

20        Intentional or negligent deprivations of property by a prison official that are unauthorized

21   do not state a claim under § 1983 if the state provides an adequate post-deprivation remedy.

22   Hudson v. Palmer, 468 U.S. 517, 533 (1984).  The Ninth Circuit has ruled that "California Law

23   provides an adequate post-deprivation remedy for any property deprivations." Barnett v. Centoni,

24   31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895).  The

25   deprivation of property only states a claim for violation of due process if the deprivation was

26   intentional and authorized.  An authorized deprivation is one carried out pursuant to established

27   state procedures, regulations, or statutes.  Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir.

28   1985).

2