UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY, | No. 2:24-cv-1798 DJC AC P |
| Plaintiff, | |
| v. | ORDER |
| C. STOKES, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On July 25, 2025, the court granted plaintiff's request to proceed in forma pauperis and screened the complaint.  ECF No. 8.  The court found that plaintiff failed to state a claim upon which relief may be granted and granted plaintiff thirty days to file an amended complaint.  Id. at 3-5.  Plaintiff has now filed a motion for voluntary dismissal and requests a refund of the initial filing fee.  ECF No. 11.

With respect to plaintiff's motion to voluntarily dismiss this action, plaintiff is advised that Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to voluntarily dismiss an action without a court order if the notice of dismissal is filed before the opposing party serves either an answer or motion for summary judgment.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Defendants have not filed an answer or motion for summary judgment and therefore plaintiff may proceed to file a notice of dismissal and does not need to seek leave from the court.  Accordingly, plaintiff's

1

motion to voluntarily dismiss this action is construed as a notice of dismissal, and this action will be dismissed.

With respect to the request for a refund, plaintiff is advised that neither the authorizing fee statute, 28 U.S.C. § 1914, nor the in forma pauperis statute, 28 U.S.C. § 1915, provides for a refund of the filing fee or portion of the filing fee for any reason. Considering this, courts have generally denied requests for refunds after the commencement of a case, even when the case has been voluntarily dismissed by plaintiff. See Reed v. Newsom, No. 3:20-cv-2439 AJB MDD, 2021 WL 3406283, at *3, 2021 U.S. Dist. LEXIS 146096, at *7 (S.D. Cal. Aug. 4, 2021) (the court lacks the authority to refund a filing fee even if a case is voluntarily dismissed under Federal Rule of Civil Procedure 41(a)(1)); Green v. Bank of America, No. 2:12-cv-2093-GED-CKD PS, 2012 WL 5032414, at *1, 2012 U.S. Dist. LEXIS 149723, at *2-4 (E.D. Cal. Oct. 17, 2012) (denying refund of filing fee after pro se plaintiff voluntarily dismissed complaint under Rule 41(a)); see also Porter v. Dep't of Treasury, 564 F.3d 176, 179 (3d Cir. 2009) (concluding that voluntary dismissal, dismissal due to jurisdictional defect, or dismissal on the merits do not entitle a litigant to a refund of their filing fee); Goins v. Decaro, 241 F.3d 260, 261 (2d Cir. 2001) ("fee-paying litigants have no opportunity to obtain a refund of their filing fees in the event that they withdraw their appeals, and nothing in the PLRA suggests that Congress, after making prisoners liable for filing fees, wanted to give them a refund opportunity not available to others"); Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000) ("No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal."). Accordingly, absent authority permitting the court to issue a refund under the circumstances in this case, the court denies plaintiff's request to withdraw his in forma pauperis application and for a refund.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 11) is construed a notice of voluntary dismissal and request for refund of the filing fee.

2. Plaintiff's request for a refund of the filing fee is denied.

3. This action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

4. The Clerk of the Court is directed to close this matter.

DATED: August 7, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE